IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR. NO.: ___3:05-651___ |
| ) | 21 USC § 846 |
| vs. ) | 21 USC § 841(a)(1) |
| ) | 18 USC § 2 |
| BRUCE A. WISE ) | |
| JAMIE ROSTELL JACKSON ) | |
|   a/k/a "Jiggy" ) | |
| RASHAUN SCOTT ) | |
|   a/k/a "Shaun" ) | **SUPERSEDING INDICTMENT** |
| ANTONIO CHERRY ) | |
|   a/k/a "Creep" ) | |
| WALLACE TYRONE HILLER ) | |
|   a/k/a "Grip" ) | |
| DIANNE HILLER ) | |
| EDDIE RONDUE JOHNSON ) | |
|   a/k/a "Ron Ron" ) | |
| COREY TIWAN WILSON ) | |
| LEVITICUS MILLER ) | |
|   a/k/a "Little V" ) | |
| LEWIS PRAYLOW ) | |
|   a/k/a "Head" ) | |
| MARTY SAXON ) | |
| SHAWNTE ANDERSON ) | |
| KENNETH PRAYLOW ) | |
| LAVORIS DAWSON ) | |
|   a/k/a "Iz" ) | |
| MARIO REESE ) | |
|   a/k/a "Yosha" ) | |
| AUTREY CHERRY ) | |

## COUNT 1

THE GRAND JURY CHARGES:

That beginning at a time unknown to the grand jury, but beginning at least on or about November 22, 2002, and continuing thereafter, up to and including the date of this Superseding Indictment, in the District of South Carolina, the defendants, **BRUCE A. WISE, JAMIE ROSTELL JACKSON, a/k/a "Jiggy", RASHAUN SCOTT, a/k/a "Shaun", ANTONIO CHERRY, a/k/a "Creep", WALLACE TYRONE HILLER, a/k/a "Grip", DIANNE HILLER, EDDIE RONDUE JOHNSON, a/k/a "Ron Ron", COREY TIWAN WILSON, LEVITICUS MILLER, a/k/a "Little V", LEWIS PRAYLOW, a/k/a "Head", MARTY SAXON, SHAWNTE ANDERSON, KENNETH PRAYLOW, LAVORIS DAWSON, a/k/a "Iz", MARIO REESE, a/k/a "Yosha"**, and **AUTREY CHERRY**, knowingly and intentionally did combine, conspire and agree with each other and others both known and unknown to the grand jury, to knowingly, intentionally and unlawfully possess with intent to distribute and to distribute 50 grams or more of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about November 22, 2002, in the District of South Carolina, the defendant, **ANTONIO CHERRY, a/k/a "Creep"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).


## COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on or about December 13, 2002, in the District of South Carolina, the defendant, **MARTY SAXON**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

That on or about December 20, 2002, in the District of South Carolina, the defendant, **ANTONIO CHERRY, a/k/a "Creep"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

That on or about December 20, 2002, in the District of South Carolina, the defendant, **ANTONIO CHERRY, a/k/a "Creep"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 6

THE GRAND JURY FURTHER CHARGES:

That on or about February 7, 2003, in the District of South Carolina, the defendant, **COREY TIWAN WILSON**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 7

THE GRAND JURY FURTHER CHARGES:

That on or about February 11, 2003, in the District of South Carolina, the defendant, **LEVITICUS MILLER, a/k/a "Little V"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 8

THE GRAND JURY FURTHER CHARGES:

That on or about February 21, 2003, in the District of South Carolina, the defendant, **MARIO REESE, a/k/a "Yosha"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 9

THE GRAND JURY FURTHER CHARGES:

That on or about February 21, 2003, in the District of South Carolina, the defendant, **WALLACE TYRONE HILLER, a/k/a "Grip"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 10

THE GRAND JURY FURTHER CHARGES:

That on or about April 11, 2003, in the District of South Carolina, the defendant, **ANTONIO CHERRY, a/k/a "Creep"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 11

THE GRAND JURY FURTHER CHARGES:

That on or about April 29, 2003, in the District of South Carolina, the defendant, **WALLACE TYRONE HILLER, a/k/a "Grip"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 12

THE GRAND JURY FURTHER CHARGES:

That on or about June 3, 2003, in the District of South Carolina, the defendant, **BRUCE A. WISE**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 13

THE GRAND JURY FURTHER CHARGES:

That on or about July 7, 2003, in the District of South Carolina, the defendants, **BRUCE A. WISE** and **SHAWNTE ANDERSON**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

8

## COUNT 14

THE GRAND JURY FURTHER CHARGES:

That on or about July 10, 2003, in the District of South Carolina, the defendants, **ANTONIO CHERRY, a/k/a "Creep",** and **DIANNE HILLER**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 15

THE GRAND JURY FURTHER CHARGES:

That on or about July 14, 2003, in the District of South Carolina, the defendant, **LEVITICUS MILLER, a/k/a "Little V"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 16

THE GRAND JURY FURTHER CHARGES:

That on or about July 21, 2003, in the District of South Carolina, the defendants, **WALLACE TYRONE HILLER, a/k/a "Grip",** and **AUTREY CHERRY**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 17

THE GRAND JURY FURTHER CHARGES:

That on or about July 25, 2003, in the District of South Carolina, the defendant, **BRUCE A. WISE**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 18

THE GRAND JURY FURTHER CHARGES:

That on or about August 5, 2003, in the District of South Carolina, the defendant, **LEWIS PRAYLOW, a/k/a "Head"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 19

THE GRAND JURY FURTHER CHARGES:

That on or about August 7, 2003, in the District of South Carolina, the defendant, **LAVORIS DAWSON, a/k/a "Iz"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 20

THE GRAND JURY FURTHER CHARGES:

That on or about August 13, 2003, in the District of South Carolina, the defendant, **LEVITICUS MILLER, a/k/a "Little V"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 21

THE GRAND JURY FURTHER CHARGES:

That on or about August 20, 2003, in the District of South Carolina, the defendant, **ANTONIO CHERRY, a/k/a "Creep"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

12

## COUNT 22

THE GRAND JURY FURTHER CHARGES:

That on or about September 11, 2003, in the District of South Carolina, the defendant, **MARIO REESE, a/k/a "Yosha"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 23

THE GRAND JURY FURTHER CHARGES:

That on or about September 11, 2003, in the District of South Carolina, the defendant, **WALLACE TYRONE HILLER, a/k/a "Grip"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 24

THE GRAND JURY FURTHER CHARGES:

That on or about September 11, 2003, in the District of South Carolina, the defendant, **MARTY SAXON**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 25

THE GRAND JURY FURTHER CHARGES:

That on or about September 29, 2003, in the District of South Carolina, the defendant, **RASHAUN SCOTT, a/k/a "Shaun"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 26

THE GRAND JURY FURTHER CHARGES:

That on or about October 6, 2003, in the District of South Carolina, the defendant, **RASHAUN SCOTT, a/k/a "Shaun"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).


## COUNT 27

THE GRAND JURY FURTHER CHARGES:

That on or about October 6, 2003, in the District of South Carolina, the defendant, **WALLACE TYRONE HILLER, a/k/a "Grip"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 28

THE GRAND JURY FURTHER CHARGES:

That on or about October 9, 2003, in the District of South Carolina, the defendant, **KENNETH PRAYLOW**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 29

THE GRAND JURY FURTHER CHARGES:

That on or about March 3, 2004, in the District of South Carolina, the defendant, **LEWIS PRAYLOW, a/k/a "Head"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 30

THE GRAND JURY FURTHER CHARGES:

That on or about March 19, 2004, in the District of South Carolina, the defendant, **EDDIE RONDUE JOHNSON, a/k/a "Ron Ron"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 31

THE GRAND JURY FURTHER CHARGES:

That on or about April 19, 2004, in the District of South Carolina, the defendant, **LEWIS PRAYLOW, a/k/a "Head"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 32

THE GRAND JURY FURTHER CHARGES:

That on or about April 19, 2004, in the District of South Carolina, the defendant, **EDDIE RONDUE JOHNSON, a/k/a "Ron Ron"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).


## COUNT 33

THE GRAND JURY FURTHER CHARGES:

That on or about April 19, 2004, in the District of South Carolina, the defendant, **ANTONIO CHERRY, a/k/a "Creep"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 34

THE GRAND JURY FURTHER CHARGES:

That on or about June 16, 2004, in the District of South Carolina, the defendant, **RASHAUN SCOTT, a/k/a "Shaun"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 35

THE GRAND JURY FURTHER CHARGES:

That on or about June 16, 2004, in the District of South Carolina, the defendant, **LAVORIS DAWSON, a/k/a "Iz"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 36

THE GRAND JURY FURTHER CHARGES:

That on or about July 23, 2004, in the District of South Carolina, the defendant, **JAMIE ROSTELL JACKSON, a/k/a "Jiggy"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).


## COUNT 37

THE GRAND JURY FURTHER CHARGES:

That on or about August 4, 2004, in the District of South Carolina, the defendant, **JAMIE ROSTELL JACKSON, a/k/a "Jiggy"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 38

THE GRAND JURY FURTHER CHARGES:

That on or about August 10, 2004, in the District of South Carolina, the defendant, **ANTONIO CHERRY, a/k/a "Creep"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 39

THE GRAND JURY FURTHER CHARGES:

That on or about October 21, 2004, in the District of South Carolina, the defendant, **LAVORIS DAWSON, a/k/a "Iz"**, knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

A _____ True _____ Bill

s/Foreperson _____
FOREPERSON

s/Jonathan S. Gasser _____
JONATHAN S. GASSER          (lw)
ACTING UNITED STATES ATTORNEY

## COCAINE BASE OR "CRACK" COCAINE

21 USC 841(a)(1), (b)(1)(A) in a case involving 50 grams or more of cocaine base and no prior felony drug convictions - a minimum term of imprisonment of 10 years and a maximum term of life imprisonment, no probation, no parole, a fine of $4,000,000 and a term of supervised release of at least five (5) years in addition to any term of imprisonment, plus a special assessment of $100.

21 USC 841(a)(1), (b)(1)(A) in a case involving 50 grams or more of cocaine base and one prior felony drug conviction - a minimum term of imprisonment of 20 years and a maximum term of life imprisonment, no probation, no parole, a fine of $8,000,000 and a term of supervised release of at least ten (10) years in addition to any term of imprisonment, plus a special assessment of $100.

21 USC 841(a)(1), (b)(1)(A) in a case involving 50 grams or more of cocaine base and two or more prior felony drug convictions - a mandatory term of life imprisonment, no probation, no parole, a fine of $8,000,000, plus a special assessment of $100.

21 USC 841(a)(1), (b)(1)(C) in a case involving less than 5 grams of cocaine base and no prior felony drug conviction - a maximum term of imprisonment of 20 years, no probation no probation if death or serious bodily injury results, no parole, a fine of $1,000,000 and a term of supervised release of at least three (3) years in addition to any term of imprisonment, plus a special assessment of $100.

21 USC 841(a)(1), (b)(1)(C) in a case involving less than 5 grams of cocaine base and one prior felony drug conviction - a maximum term of imprisonment of 30 years, no probation if death or serious bodily injury results, no parole, a fine of $2,000,000 and a term of supervised release of at least six (6) years in addition to any term of imprisonment, plus a special assessment of $100.