IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 3:05-651-MBS |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTONIO CHERRY | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS/MOTION FOR SUMMARY JUDGMENT
RE: CHERRY'S MOTION TO VACATE UNDER 28 U.S.C. § 2255**

The United States of America, by and through its undersigned counsel, moves this Court to dismiss the Motion to Vacate under 28 U.S.C. § 2255 by Antonio Cherry ("Cherry") or, in the alternative, grant summary judgment, and files this memorandum in support of the motion to dismiss/motion for summary judgment.

## I.     BACKGROUND

### A.     Indictment, guilty plea, sentencing

On July 20, 2005, an indictment was filed in the United States District Court for the District of South Carolina charging Cherry with conspiracy to possess with intent to distribute fifty grams or more of cocaine base ("crack" cocaine), in violation of Title 21 U.S.C. §§ 841(a)(1) and 846. On November 30, 2005, Antonio Cherry ("Cherry") pleaded guilty to the charge and on April 25, 2007, the district court sentenced Cherry to 120 months imprisonment and five years of supervised release. Judgment was entered against Cherry on August 28, 2006.

At the time of his federal sentence, Cherry was in state custody on unrelated charges. On

October 5, 2006, Cherry received a 20 year state sentence.[1] ECF #730  Cherry has been held in state custody, in the South Carolina Department of Corrections, from 2005 to the date of this filing. Beginning in 2010, Cherry petitioned the court to allow his federal sentence to run concurrent to his state sentence, which would effectively reduce his total term of incarceration from 30 years to 20 years.[2] ECF #730, #839, #840, #870

      **B.**    **Direct Appeal and Post - Conviction Motions**

Cherry did not appeal his conviction nor sentence.  On September 19, 2016, Cherry filed the pending motion, pursuant to 28 U.S.C. § 2255, to amend his sentence to allow him to serve his state and federal sentence concurrently and to credit his federal sentence the time he has served in state custody since the imposition of his federal sentence on August 28, 2006. ECF #874

**II.**    **DISCUSSION**

      **A.**    **Cherry has failed to state a claim for relief under 28 U.S.C. § 2255, therefore his motion should be dismissed.**

A § 2255 motion's scope "does not encompass all claimed errors in conviction and sentencing." United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235 (1979).  A trial error that is neither constitutional nor jurisdictional is cognizable under § 2255 only if it constitutes "a

---

[1] The state circuit court's order (ECF #730, #839-1) that the state sentence run concurrent with Cherry's 120-month federal sentence had no effect because Cherry was in state custody. According to the South Carolina Department of Corrections, Cherry's projected release date is April 2, 2022.

[2] Courts have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings. 18 U.S.C. § 3584. In fact, in *Setser v. United States*, the Court clarified that federal district judges have authority to direct that a criminal sentence be served consecutively or concurrently to a state sentence, *even if that state sentence has not yet been imposed*. 132 S. Ct. 1463, 1470 (2012); 18 U.S.C. § 3584(a). The Government does not oppose Cherry's previously filed motions (ECF #730, #839, #840, #870) to amend his sentence to allow him to serve his state and federal sentence concurrently. The Government takes no position as to whether the amended sentence should be imposed *nunc pro tunc*, as of the date the state sentence was entered or a later date.

fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468 (1962). Courts have consistently reaffirmed this principle. See, e.g., Brecht v. Abrahamson, 507 U.S. 619, 634 n. 8, 113 S.Ct. 1710 (1993); United States v. Timmreck, 441 U.S. 780, 783–84, 99 S. Ct. 2085 (1979); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir.1999).

Because Cherry does not claim that this court lacked jurisdiction when it sentenced him, his claim is only cognizable if it alleges a constitutional error or a fundamental defect resulting in a miscarriage of justice. Cherry can satisfy neither of these requirements. In fact, Cherry alleges no constitutional error or violation at all during the pendency of his case before the court. His claim is not actionable under § 2255, and should be summarily dismissed.

**B.     Even if Cherry's claim was actionable, his motion is untimely.**

Title 28, United States Code, § 2255 allows a prisoner the right to move the court to vacate, set aside, or correct the sentence on the basis that his sentence was imposed in violation of the Constitution or laws of the United Sates. However, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations period on the filing of a § 2255. Under 28 U.S.C. § 2255(f), the one year period of limitation applies to any motion filed under § 2255 and runs from the latest of:

(1)     the date on which the judgment of conviction becomes final[3];

---

[3] The limitations period begins to run from a later date only in circumstances not present in this case: where illegal Government action prevented defendant from timely filing a motion, where the Supreme Court recognized and made retroactively applicable to cases on collateral review a new right asserted by defendant, or where defendant's claims were supported by new facts that could not have been discovered earlier through the exercise of due diligence. See 28 U.S.C. §§ 2255(f)(2), (3), and (4). Cherry does not argue, nor is there any evidence, that any of the

3

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "If a prisoner cannot fit his petition into the time frame specified by one of these four categories, it must be dismissed as untimely." United States v. Gadsen, 332 F.3d 224, 226 (4th Cir. 2003).

If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final [for purposes of a § 2255 motion], and the statute of limitation begins to run, on the date the district court enters judgment. *United States v. Sanders,* 247 F.3d 139, 142. (4th Cir. 2001). In this case, Cherry was sentenced on August 28, 2006, and the Judgment was docketed on September 5, 2006. Thus, the limitations period to file a 28 U.S.C. § 2255 motion expired one year later, on September 5, 2007. Cherry's § 2255 motion was filed over nine years after his conviction became final. For the foregoing reasons, Cherry's § 2255 motion is barred by the applicable one-year statute of limitations. 28 U.S.C. § 2255(f).

## **CONCLUSION**

Based on the foregoing, the United States respectfully requests that this Court dismiss

---

conditions which, in essence, toll the running of the one-year limitations period are present in this case.

4

Antonio Cherry's motion to vacate his sentence or in the alternative, grant summary judgment as the motion is without merit.

                                      Respectfully submitted,

                                      BETH DRAKE
                                      ACTING UNITED STATES ATTORNEY

                                      s/*Leesa Washington*
                                      Leesa Washington (ID # 6973)
                                      Assistant United States Attorney
                                      55 Beattie Place, Suite 700
                                      Greenville, SC 29601
                                      (864) 282-2100

October 19, 2016