**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Antonio Cherry, ) <br> ) <br> Movant, ) <br> v. ) <br> ) <br> United States of America, ) <br> ) <br> Respondent. ) <br> _____ ) | CR No. 3:05-cr-00651-MBS-4 <br> (3:16-cv-3158-MBS) <br><br> **OPINION AND ORDER** |

Antonio Cherry ("Movant") is an inmate in custody at Evans Correctional Institution in Bennettsville, South Carolina. On September 19, 2016, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. ECF No. 874. This matter is before the court on a motion to dismiss and for summary judgment filed by Respondent United States of America (the "government") on October 19, 2016. ECF No. 877.

### I.   FACTUAL AND PROCEDURAL HISTORY

On July 20, 2005, a federal grand jury returned a superseding Indictment charging Movant with conspiracy to distribute a controlled substance (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A) (Count One), and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C) (Counts Two, Four, Five, Ten, Fourteen, Twenty-One, Thirty-Three, Thirty-Eight). ECF No. 27. At the time of the Indictment, Movant was in state custody on unrelated charges. Movant appeared in federal court on a Writ of Habeas Corpus ad Prosequendum. ECF No. 64. Movant pleaded guilty to Count One on November 30, 2005. ECF No. 305. On August 28, 2006, Movant was sentenced by this court to a

1

120-month prison term. ECF No. 509. The government moved to dismiss the remaining charges against Movant. Id. The court entered judgment on September 5, 2006. Id. Movant did not appeal his conviction or sentence. On October 5, 2006, Movant was sentenced to twenty years in state prison for an unrelated burglary charge under South Carolina Code § 16-11-311. ECF No. 730. The state court ordered that Movant's state sentence was to run concurrently to his federal sentence. Id.

On September 6, 2016, Movant filed a motion asserting that his federal and state sentences should run concurrently. ECF No. 871. The court denied that motion on May 22, 2017, informing Movant that "[Movant's] remedy is to follow the procedures set forth by the Federal Bureau of Prisons in Program Statement 5160.05." ECF No. 908.

On September 19, 2018, Movant filed a § 2255 motion, asserting that "Movant was sentenced to 120 months in the federal custody first and was then transferred back to Richland County jail, on or about (10) days later I was sentenced to (20) years in the State that was ordered to run concurrent with fed. sentence." ECF No. 874 at 2. Movant elaborates that he "received a detailed letter from fed. court the year of 2010 that I owe 120 months to the federal jurisdiction." Id. at 3 (errors in original).

On October 19, 2016, the government filed a motion to dismiss and for summary judgment. ECF No. 877. In its motion, the government asserts that Movant failed to state a claim for relief under § 2255. ECF No. 877-1 at 2. Further, the government asserts that even if Movant had stated a claim for relief, Movant's § 2255 motion was untimely. Id. at 3. By order filed October 20, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. ECF No. 878. Movant filed no response.

## II. DISCUSSION

### a. Failure to State a Claim under § 2255

Pursuant to 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Not all errors in conviction and sentencing are encompassed within the scope of § 2255. As such, errors that are outside the categories outlined in the statute will only be reviewed under § 2255 if they indicate a "fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962).

Movant has not alleged that his sentence violated the Constitution. Neither has Movant alleged that the court lacked jurisdiction when it sentenced him. Nor has Movant alleged his sentence was in excess of any statutory maximum. Movant has also failed to identify any aspect of his sentence that would trigger the categories outlined in Hill. As such, Movant has failed to state a claim under § 2255.

### b. Timeliness of Movant's Motion

Even if Movant had stated a claim under § 2255, the court finds that Movant's motion is untimely. A one- year statute of limitations applies to § 2255 petitions. 28 U.S.C. 2255 (f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A conviction becomes final when: 1) the opportunity to appeal the district court's judgment expires; 2) the defendant's opportunity to file a petition for writ of certiorari expires; or 3) the United States Supreme Court denies a petition for writ of certiorari. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). However, movants can avoid these limitations by showing that equitable tolling is warranted. Equitable tolling is a rare remedy, reserved for instances where external factors prevent movants from filing timely petitions. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). To invoke equitable tolling, a movant must show that he or she has been pursuing his or her rights diligently, and that extraordinary circumstance stood in his or her way and prevented filing. Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Here, Movant's case became final on September 5, 2006, the date upon which the court entered judgment, because Movant did not appeal the court's ruling. Movant therefore had until September 5, 2007 to file a motion under § 2255; Movant did not file a motion. Because the statute of limitations has passed, the court must now determine whether equitable tolling is warranted. In his motion, Movant asserts that the limitation should be tolled, stating that he was "misrepresented upon [his] sentencing phase" and that he was not "fairly advised" by his attorney. ECF No. 874 at 9-10. It appears Movant asserts that his attorney did not properly

represent him during his state court proceedings. Movant's allegations are conclusory, and do not indicate that Movant's counsel's actions had any bearing on whether Movant's sentences would run concurrently. The court is not persuaded that Movant has met his burden of showing that equitable tolling is warranted.

## III. CONCLUSION

For the reasons stated, the government's motion is granted. Movant's § 2255 motion is dismissed, without prejudice. Movant is reminded that in order to address his grievances with his sentence, Movant's remedy is to follow the procedures set forth by the Federal Bureau of Prisons in Program Statement 5160.05[1], as stated in the court's May 22, 2017 Order. ECF No. 908.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the

---

[1] Federal Bureau of Prisons Program Statement 5160.05 allows inmates to submit requests for their federal and state sentences to run concurrently. Specifically, the statement provides that "[o]ccasionally, an inmate may request a nunc pro tunc (i.e., occurring now as though it had occurred in the past) designation. As a result of the decision in Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation." Id. at 5. The Statement notes that the Bureau of Prisons must consider an inmate's request for concurrent service of federal and state sentences, but cautions that the Bureau of Prisons is under "no obligation" to grant the request by "designating a state institution retroactively as the place to serve the federal sentence." Id. at 6. If available, inmates should provide the Bureau of Prisons with the following: a copy of the federal and state judgment orders; state sentence data record to include jail credit; and any other pertinent information relating to the federal and state sentences. Id. Upon receipt of the request and documentation, the Regional Inmate Systems Administrator will make a determination, and will notify the sentencing court of its determination. Id. The court will then have an opportunity to submit objections. Id.

district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court denies a certificate of appealability.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
November 9, 2018